STATE ex rel. JAMES KENNEDY and Another v. DISTRICT COURT OF CLAY COUNTY and Another.[1]

March 12, 1915.

Nos. 19,218—(308).

**Workmen's Compensation Act — apportioning compensation for hand and arm.**

In a hearing under the Workmen's Compensation Act to ascertain the compensation to be awarded to an injured employee, where there are permanent injuries to the hand and arm below the elbow, the court should determine the percentage of total disability of the hand and fix the compensation accordingly. Where the same accident results also in permanent partial disability to the arm above the elbow, the court should determine the percentage of total disability of the arm as a whole, including the forearm and hand, and fix the compensation accordingly. It is improper in such a case to divide the injuries into two units, those to the hand, and those to the arm.

Upon the relation of James Kennedy and the Ocean Accident & Guarantee Corporation, Limited, of London, this court granted a writ of *certiorari* directed to the district court of Clay county and the Honorable Carroll A. Nye, one of the judges thereof, to review the proceedings in that court in a personal injury action wherein Alex Rohrenbach recovered compensation of $1,227.07 under the Workmen's Compensation Act.    Reversed.

*Ware & Junell,* for relators.

*William R. Tillotson* and *William Russell,* for respondents.

BUNN, J.

*Certiorari* to review the decision of the district court of Clay county on a hearing under the Workmen's Compensation Act. The plaintiff was Alex Rohrenbach, the defendants the relators in this proceeding. Rohrenbach was injured while performing his duties as an employee of the defendant Kennedy, a ditching and grading

[1] Reported in 151 N. W. 530.

contractor. His hand was drawn into the gears of a ditching machine, crushed and badly torn. The only questions in the trial court and here relate to the nature and extent of the injuries and the basis of compensation.

The trial court found that plaintiff's hand was crushed, the flesh, muscles and tendons thereof torn; that these injuries so affected the hand as to cause the plaintiff to lose to a large extent the power to flex the fingers or to grip or use the ordinary workman's tools that he was accustomed to use in the work he was qualified and accustomed to do; that the circulation of blood in the hand was greatly impeded and the nerves of sensation and control impaired to a considerable extent. These injuries, the court found, resulted in the permanent partial disability of the hand, amounting to at least 85 per cent of the total disability or the loss of the use thereof. The court further found that plaintiff also suffered injuries to his right arm "by the crushing of the bones thereof and the straining and tearing of the ligaments and muscles of said arm, all of which has caused the permanent partial disability of said arm to the extent of at least 35 per cent of the total disability or loss of the use thereof."

The court found that plaintiff had sustained damages to the hand in the sum of $956.25, and to the arm in the sum of $525. It computed the present net worth of the recovery at $891.19 for the injuries to the hand, and $504.32 for the injuries to the arm, making a total recovery of $1,395.51. Judgment was entered in accordance with this decision and the case brought here by *certiorari*.

The provisions of the Workmen's Compensation Act (Laws 1913, p. 678, c. 467 [G. S. 1913, c. 84A.]) that are involved in this case are as follows:

*"Schedule of Compensation.*

\* \* \*

"For permanent partial disability, the compensation shall be based upon the extent of such disability. In cases included within the following schedule the compensation shall be that named in the schedule, to-wit:"

"For the loss of a hand, fifty per centum of daily wages during one hundred and fifty weeks."

"For the loss of an arm, fifty per centum of daily wages during two hundred weeks."

"In all cases of permanent partial disability within the foregoing schedule, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member."

Plaintiff's wages were $15 per week. The trial court allowed 85 per cent of total disability for the injury to the hand, or one-half of the wages during 127½ weeks, and allowed in addition 35 per cent of total disability for the injuries to the arm, or one-half of the wages during 70 weeks. This made a total allowance of one-half of plaintiff's wages during 197½ weeks, only $18.75, or two and one-half weeks, less than the schedule allows for the loss of the entire arm at the shoulder. As the court found only 85 per cent of total disability to the hand, and 35 per cent of total disability to the arm, and as it is perfectly plain that plaintiff's injuries do not begin to be as serious as would be the entire loss of an arm, there is something wrong with the result reached by the trial court.

We think the trouble arises largely, if not wholly, with the attempt of the trial court to separate the injuries into two units, those to the hand, and those to the arm. The record does not leave it entirely clear whether the court intended to find a permanent partial disability in the arm above the elbow. The evidence shows that the bones of the arm that were crushed and the ligaments that were torn were wholly in the wrist and in the forearm, but there is some evidence that muscles in the shoulder were strained. Whether there was anything permanent in these injuries is left in doubt by the evidence. The act provides (G. S. 1913, § 8230 "k") that "amputations between the elbow and the wrist shall be considered as the equivalent of the loss of a hand." We think that injuries between the elbow and the wrist should be considered injuries to the hand. Rakiec v. Delaware, L. & W. R. Co. (N. J.) 88 Atl. 953. If there were no injuries except to the hand and forearm, we think the court should have awarded compensation based upon a percentage of total disability to the hand. If there were permanent injuries to the arm above the elbow, the court should not have attempted to separate

these injuries from those to the hand, but should have found the percentage of total disability to the arm as a whole, and should have awarded compensation accordingly. If the division of the arm into two units for the purpose of fixing compensation under the act is proper, there would be no reason for saying that the thumb, the different fingers, the phalanges of the thumb and of each finger, might each be considered as a separate unit and the compensation allowed for these injuries added together and added to the compensation allowed for the loss of a hand or arm. This was plainly not the intent of the law. There should be but one unit for measuring the injury and the compensation to be awarded.

We are unable to say what percentage of total disability the trial court would have found if it considered the disability of the arm as a whole, or if it had found a permanent partial disability to the hand alone, and the evidence does not warrant us in fixing the proper compensation. The case must go back to the trial court for new findings in line with the views we have expressed.

Judgment reversed.