# STATE EX REL. CASUALTY COMPANY OF AMERICA v. DISTRICT COURT OF BLUE EARTH COUNTY AND ANOTHER.[1]

July 7, 1916.

Nos. 19,766—(179).

**Workmen's Compensation Act — total permanent disability — finding sustained.**

.Claimant, a working man, was injured by an accident arising out of and in the course of his employment. His injuries resulted in the total destruction of sight in the right eye, an impairment of vision to the extent of 95 per cent in the left eye (by the aid of glasses the vision in the left eye could be increased to about one-third normal), and other injuries which affected his head so that he could not stoop or bend over without pain. There was evidence tending to show that he would not be able to do any work or engage in any occupation to earn a livelihood. *Held,* that the finding of the trial court that claimant was permanently totally disabled is supported by the evidence.

Upon the relation of the Casualty Company of America, this court granted its writ of *certiorari* to review the judgment entered in the district court for Blue Earth county pursuant to the order of Comstock, J., in the matter of the claim of Carl Carlson, employee, against the Casualty Company of America and William C. Fraser, employer. Affirmed.

*Barrows, Stewart & Ordway,* for relator.

*Ivan Bowen,* for respondent.

SCHALLER, J.

Carl Carlson, a sewer mason, capable of earning at his trade from $5 to $8 per day, was accidentally injured while in the employ of William C. Fraser. Carlson was at the time of his injury earning $3 per day.

---

[1]Reported in 158 N. W. 700.

Note.—On the general question of what constitutes total disability of insured, see notes in 38 L.R.A. 529; 23 L.R.A.(N.S.) 352; 29 L.R.A.(N.S.) 635; 34 L.R.A.(N.S.) 126.

Fraser had insured his employees in relator company and proper notice had been posted and filed so that the liability of the relator became absolute.

The parties not having been able to come to an agreement as to the amount due Carlson, the matter was duly heard in the district court of Blue Earth county, which found that Carlson was permanently totally disabled and entered judgment accordingly. Relator brings *certiorari*.

The only question here is whether there was evidence to support the finding of the district court that. Carlson was permanently totally disabled by the accident.

It is conceded that he has lost the sight of his right eye. There is evidence that he has only five per cent of normal vision in his left eye, and with the aid of glasses about one-third normal vision. There is evidence that before the accident his sight was good in both eyes. There is evidence of injury which causes him pain in the head when stooping or bending over.

There is no evidence to indicate that Carlson was anything but helpless. Witnesses were asked to suggest what he could do to earn a living. No one seemed to know or even to venture an opinion. The physician who attended him testified that he knew of no trade which Carlson could carry on and earn a livelihood. He himself testified that: "I don't know of anything I could do. I should think a man should have to see better than what I can now in order to carry on any work." Relator made no suggestion at all. In this state of the evidence, the learned trial court made its finding that claimant was permanently totally disabled.

Relator challenges this finding, because the evidence tended to show that, with the aid of glasses, about one-third vision remained in the left eye.

The court finds that "the said plaintiff in the performance of the duties of said employment and without fault of his own, was seriously injured by the accidental explosion of said molten metal which was thereby thrown and blown into his face and eyes, and over other parts of his body, with the effect that the plaintiff suffered great bodily injury thereby and the loss and impairment of the sight of both of his eyes to such an extent that he is rendered incapable of performing the duties of his usual occupation, and is disabled and prevented thereby from earning

his livelihood, and from obtaining employment by reason thereof and that the injury and disability so suffered by said plaintiff constitute permanent total disability within the meaning of the statute aforesaid."

The statute itself does not define the words "permanent total disability," although section 13, subdivision e, c. 467, p. 680, Laws 1913 (G. S. 1913. § 8207, subd. e), provides that certain injuries shall constitute permanent total disability. There are, however, many other injuries which may result in permanently and totally disabling a man. Those set forth in the statute are not intended to be exclusive. Cases must be passed upon as they arise, and no hard and fast rule can be formulated so as to include them all.

What is permanent total disability is largely a question of fact, and must depend upon the circumstances of each particular case. The statute itself is highly remedial in its nature. It should be liberally construed and liberally applied to accomplish the beneficial purposes intended and courts should guard against a narrow construction. State v. District Court of St. Louis County, 128 Minn. 43, 150 N. W. 211; State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 912; State v. District Court of Rice County, 131 Minn. 352, 155 N. W. 103. In this case the fact that a dim vision still existed in one eye is not controlling. All the facts should be taken into consideration. This is precisely what was done here by the trial judge. He saw the witnesses and heard them testify. He had the injured man before him, observed him and heard him. From all the evidence presented, he found that the claimant was permanently and totally disabled. There was evidence from which such a conclusion could be drawn.

An examination of the cases cited in the briefs does not change our views as above expressed. The language of the compensation acts of other states varies so much from that of our own that the decisions cited construing other statutes are of little assistance here.

Judgment affirmed.