STATE EX REL. GLOBE INDEMNITY COMPANY AND ANOTHER v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

February 16, 1917.

Nos. 20,252—(306).

**Workmen's Compensation Act — medical expenses — partial disability — change in award.**

In proceedings to recover compensation for injury under the provisions of the Workmen's Compensation Act, it is *held*:

(1) The joint answer of the employer and insurer alleged that defendants were ready and willing to pay plaintiff the compensation due him under the act, and willing to pay reasonable hospital and medical expenses. Under this answer plaintiff was not obliged to prove compliance with the provisions of the act necessary to make the insurer liable directly to the injured workman, and defendants are barred from resisting the claim for medical expenses set up in the complaint on the ground that their own physician was ready to perform the services.

(2) The only injury of a permanent nature was a fracture of the right

[1]Reported in 161 N. W. 391.

heel bone, resulting in some difficulty and pain in walking, and a deformed condition of the foot. This was a "permanent partial disability," but there was not the loss of a foot, nor a permanent loss of the use of such member. Under the provisions of the act, it was error to allow compensation at the rate and for the period specified in case of the loss of a foot.

(3) Section 27 of the act, providing for an application by either party after six months to modify the award on the ground of increase or decrease of capacity, applies only to cases where the capacity of the injured man has increased or decreased since the award was made, and is not a remedy for the correction of errors in fixing the compensation.

Upon the relation of Globe Indemnity Company and John Wunder Company the supreme court granted its writ of *certiorari* to review the action of the district court for Hennepin county, Jelley, J., in a proceeding under the Workmen's Compensation Act begun by Peter Turco, employee, against John Wunder Company, employer, and Globe Indemnity Company, insurer. Reversed.

*Raymond N. Caverly,* for relators.

*John N. Berg* and *Adolph E. N. Johnson,* for respondent.

BUNN, J.

A judgment in favor of Peter Turco and against relators in proceedings under the Workmen's. Compensation Act is here for review on *certiorari.*

The facts are as follows: While in the employ of relator John Wunder Company, Turco received injuries which entitled him to compensation under the act. The most serious injury was a fracture of the right heel bone, resulting in a deformed condition of the right foot which, as the medical evidence indicated, may cause flat foot, and difficulty and pain in walking. The other injuries consisted of abrasions and bruises, and the spraining of both ankles. These were admittedly temporary in character, and, at the time of the trial, less than three months after the accident, the injured man had fully recovered from their effects. Turco was earning as wages at the time of the injury $15 per week.

The trial court allowed compensation at the rate of $7.50 per week for 125 weeks, $12 expended or incurred for medical services, and $5 for an arch support.

Relators make these contentions: Relator Globe Indemnity Company, the insurer, is not liable in this proceeding, because there is no allegation or proof of the posting of notice or filing a copy thereof with the state labor commissioner, as required by the law. The allowance for medical expenses is not supported by the evidence or authorized by the law. The allowance of $7.50 per week for 125 weeks is not authorized by the law under the facts showing the extent of the injury.

1. The first and second points are disposed of by the joint answer of relators to the complaint, which answer alleges that defendants are ready and willing to pay the plaintiff the compensation due him under the compensation act, and willing to pay reasonable hospital and medical expenses within the limit provided by the compensation act. These admissions relieved plaintiff from the necessity of proving compliance with the act as to posting and filing notice of insurance, and barred defendants from resisting the claim for medical services set up in the complaint on the ground now urged that their own physician was ready to perform the services.

2. The serious question is whether the allowance made by the trial court is not in excess of the amount authorized for such an injury.

We have sufficiently stated the nature of the injuries. The only one of a serious or permanent nature was that to the left foot. However this injury may interfere with the ability to walk without tiring and without pain, the fact remains that the foot is still there, and still a useful member. The injury, such as it is, is permanent, but there is not a total loss of the use of the member. The case is one of a "permanent partial disability." Laws 1913, p. 675, c. 467, § 13, subd. c. provides that the compensation for "permanent partial disability" shall be based upon the extent of such disability. In the cases included in the schedule contained in the subdivision, it is provided that the compensation shall be that named in the schedule, which, in the case of the loss of a foot is fifty per centum of daily wages during one hundred and twenty-five (125) weeks." It is provided in the same subdivision as amended by Laws 1915, p. 285, c. 209, that "in all cases of permanent partial disability, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member." It is also provided that "in cases of permanent partial disability due to injury to a member, resulting in less

136 M.—11

than total loss of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss of the respective member, which the extent of injury to the member bears to its total loss."

We are obliged to hold that the compensation awarded was excessive under these provisions. There was not a loss of the foot, nor was there a "permanent loss of the use" of that member. There was a permanent partial disability "due to injury to a member, resulting in less than total loss of such member." Compensation should have been awarded at the prescribed rate (50 per cent of daily wages, or $7.50 per week), for such a part of 125 weeks as the extent of the injury to the foot bore to its total loss. For what period of time this would be it is impossible for us to say on the record before us. It is doubtless a difficult question, on almost any evidence, to determine just how an injury that is not equal to a total loss of a member compares in extent with such a total loss. But the law requires that this comparison be made, and that the period during which the payments are to continue be determined therefrom. Clearly much is left to the judgment of the trial court. But in finding that the injury in this case was equal to the total loss of the injured member, and should be compensated in the same amount as if the foot had been severed, or the use of it completely lost, we think the learned trial court erred.

3. Counsel for respondents, while not conceding that the award was too large, suggest that, if it was, the remedy was by application to the trial court to decrease it under section 27 of the act, which provides that any award payable periodically for more than six months may be modified at any time after six months from the date of the award on application made to the court by either party "on the ground of increase or decrease of incapacity due solely to the injury." It is quite manifest that this section was not intended as a method of correcting errors in fixing the amount of compensation, as the remedy is not available until after six months from the award, and then only where there has been an "increase or decrease of incapacity." This clearly means an increase or decrease of capacity since the award was made, a change in circumstances that justifies a modification.

The judgment is reversed and a new trial granted.