GEORGE PORTER v. GEORGE H. RITCHIE AND ANOTHER. STATE EX. REL. GEORGE H. RITCHIE AND ANOTHER v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

October 12, 1917.

No. 20,631.

**Workmen's Compensation Act — temporary partial disability — evidence.**

The findings of the trial court that the injury involved in the action, suffered by an employee while engaged in the discharge of his duties, constituted a temporary partial disability, and not a permanent partial disability, *held* sustained by the evidence.

Upon the relation of George H. Ritchie and Patrick P. O'Connell this court granted its writ of certiorari directed to the district court for Hennepin county, to review the proceedings in that court, Dickinson, J., under the Workmen's Compensation Act, brought by George Porter, as employee, against George H. Ritchie and his partner, as employers. Affirmed.

*O'Brien, Young & Stone,* for relators.
*L. E. Ineichen,* for respondent.

BROWN, C. J.

Certiorari to review a judgment duly rendered and given in proceedings under the Workmen's Compensation Act. The facts are as follows:

Respondent was in the employ of relators Ritchie & O'Connell, a copartnership, and in the course of his work received an injury for which he was entitled to compensation under the statute. His claim in this respect was recognized by the employers and also their surety, the United States Casualty Company, and on August 18, 1914, a short time after the injury was received the parties, acting under subdivision 1 of section 8216 of the compensation statute (G. S. 1913), amicably settled and adjusted the compensation to be paid him on the basis of that fixed by

[1]Reported in 164 N. W. 581.

subdivision (b) of section 8207, for a temporary partial disability, namely, one-half the weekly wage for and during the period of disability, not exceeding 300 weeks. The payments were regularly made until April 17, 1917, when relators declined to proceed further under the agreement on the claim that the injury was, or had become, a permanent partial disability, the compensation for which is that fixed by subdivision (c) of section 8207, and that the total amount paid by relators under the agreement exceeded that thereby prescribed for an injury of that kind, hence that they had fully discharged their duty to respondent as imposed by the compensation statute.

Relators then brought this proceeding, setting out in their complaint the facts stated, and as relief demanded that by the judgment of the court they be relieved from further obligation to respondent under the settlement agreement or otherwise. Respondent answered and therein set out facts entitling him, if true, to judgment for the compensation fixed by the statute, less payments theretofore made by relators. When the matter came on for trial it was stipulated by the parties that the sole issue for determination was whether respondent's injury amounted to a temporary or permanent partial disability. The court found the disability temporary, and not permanent, and judgment was ordered for respondent accordingly, and for the weekly payments of compensation by relators during the continuance of the disability, not exceeding 300 weeks from the date of the settlement, less all prior payments.

The only question presented to this court is whether the conclusion of the trial court that the disability of respondent is temporary is clearly against the evidence. We answer the question in the negative. The injury suffered by respondent was to his left leg below the knee, and of a character subsequently to require a surgical operation and the removal of about 5 inches of the tibia bone thereof, which had become diseased by reason of the injury. While it would seem that the removal of a part of the bone would render the limb weaker, of less strength, and therefore a permanent disability, the evidence is clear, and the court so found, that the bone is gradually reforming and will so continue until the normal condition thereof is fully restored, and the limb thus made as useful as before the injury. This process of reformation of the bone tissue in such cases was fully explained by the medical witnesses, and, if their

testimony be true, a question for the trial court, there is no room to seriously question the conclusion that the disability is temporary and not permanent.

The contention of relator is that since the injury has not yet healed, and payments have been made for over two years, the disability should be treated as permanent and compensation awarded accordingly. The contention is not sustained. The question resolves itself, from the evidence presented, into one of fact. It is not important, at least not conclusive as a matter of law, that relators may be required to pay more for the injury, if it be held a temporary than would be required if held a permanent partial disability. It is apparent under the language of the statute that such a situation may often arise. The compensation for a temporary partial disability may cover a period of 300 weeks, while the same character of injury if found to be permanent may be fully compensated by payments during a much shorter period, amounting in the aggregate to much less than that required if the disability be temporary. But with this feature of the statute we are not concerned. It was competent for the legislature to so provide, and if there be anything wrong with the law in this respect it must be corrected by the lawmaking body. The statute is plain and unambiguous and will admit of no construction other than that indicated. It may be remarked, however, that the period of time covered by the healing process in a particular case may be an important factor in determining the nature and character of the disability, for compensation should not be awarded for the longer period upon the naked claim that the injury is temporary.

The case of State v. District Court of Clay County, 129 Minn. 91, 151 N. W. 530, is not in point. In that case the employee suffered two distinct injuries to his arm, as the result of the same accident, and the trial court ordered the payment of compensation for each. This was held error, our conclusion being that the two injuries should be treated as one, and compensation awarded accordingly. In the case at bar there was but one injury, which the court found created a temporary disability. The injury in State v. District Court of Hennepin County, 136 Minn. 147, 161 N. W. 391, was held by the trial court as one creating a permanent disability, and the only question involved was the

amount of compensation to be paid therefor. The case is not here in point.

This disposes of the case. The findings of the trial court are sustained by the evidence, a discussion of which would serve no useful purpose.

Judgment affirmed.