STATE EX REL. THE BRODERICK COMPANY v. DISTRICT
COURT OF RAMSEY COUNTY AND ANOTHER.[1]

November 21, 1919.

No. 21,514.

**Workmen's Compensation Act — actual disability — specific injuries.**
1. The intent and purpose of the Workmen's Compensation Act was
to secure to an injured employee compensation to the extent of the dis-
ability actually sustained, and the provisions as to payments for specific
injuries must yield thereto when taken together they create a greater
disability.

**Same — permanent partial disability.**
2. The findings of the trial court that the injuries referred to in the
opinion created a permanent partial disability of plaintiff's hand *held*
sustained by the evidence.

Upon the relation of The Broderick Company the supreme court
granted its writ of certiorari directed to the district court for Ramsey
county and the Honorable Charles C. Haupt, judge thereof, to review
proceedings in that court under the Workmen's Compensation Act
brought by Viola Beyl, as employee, against relator, as employer. Af-
firmed.

*Watson, Sexton & Mordaunt,* for relator.
*Emil W. Helmes,* for respondent.

BROWN, C. J.

Certiorari to review a judgment of the district court of Ramsey county
in a proceeding under the Workmen's Compensation Act. The facts are
substantially as follows: Plaintiff in the proceeding on the seventeenth
day of August, 1918, was in the employ of defendant in its printing es-
tablishment as a press feeder. In some accidental way her left hand
was caught in the machine she was operating and was severely mangled
and injured. The trial court found that the little finger was so seriously
mangled as to necessitate amputation at the middle of the fourth meta-

[1]Reported in 174 N. W. 826.

carpal bone; that the third metacarpal bone was fractured, and, not having been reduced, united irregularly and in a curved shape, thereby shortening it a quarter of an inch, impairing its power and usefulness; that as a consequence of the injury infection intervened as a contributing cause to lessen and reduce the effectiveness of plaintiff's left hand as a whole, and further that the usefulness of the hand had thereby been reduced and destroyed one-half, constituting a permanent partial disability within the meaning of the compensation act. Judgment ordered accordingly.

The only question presented by the record is whether the findings of the court to the effect that plaintiff suffered a permanent partial disability are sustained by the evidence. Our examination of the record discloss ample evidence to support the findings. A discussion thereof would serve no useful purpose and we refrain. While the compensation act makes express provision for the loss of fingers, from the thumb down, it does not necessarily follow therefrom that an injury of the character here disclosed should be treated as a matter of law as the loss of the little and ring fingers only. If the nature of the injury in such a case, taken as a whole, shows by relation a reduction in the power and usefulness of the hand, as well as the injury to and loss of the fingers, the court may and properly should find the fact accordingly, for the intent and purpose of the compensation act secure to the injured employee compensation for the disability actually sustained. State v. District Court Clay County, 129 Minn. 91, 151 N. W. 530.

Within the rule guiding us in cases of this character the evidence sustains the findings and the judgment must be and is affirmed.