## STATE EX REL. ALBERT LEA PACKING COMPANY, INCORPORATED v. DISTRICT COURT OF FREEBORN COUNTY AND ANOTHER.[1]

### July 9, 1920.

### No. 21,788.

**Workmen's Compensation Act — temporary total disability.**

The Workmen's Compensation Act provides that in case of permanent partial disability the loss of the use of a member shall draw the same compensation as is given for the loss of such member. For the loss of a leg compensation for 175 weeks at 60 per cent of daily wages is given. The employee suffered a fracture of the upper end of the thigh bone. It did not unite. The result of the injury, more definitely stated in the opinion, is greater than the loss of the use of the leg, and the employee at the time of the trial, two years after the accident, was unable to work. His disability at that time and since his injury was total. It is *held* that under the findings of the trial court he was not limited to compensation for 175 weeks as for the loss of the use of his leg, but was entitled to compensation for 300 weeks on the basis of temporary total disability.

[1] Reported in 178 N. W. 594.

Upon the relation of Albert Lea Packing Company, Incorporated, the supreme court granted its writ of certiorari directed to the district court of Freeborn county and the Honorable S. D. Catherwood, judge thereof, to review proceedings in that court brought under the Workmen's Compensation Act by Frank C. Dudley, employee, against relator, employer. Affirmed.

*John F. D. Meighen* and *Bennett O. Knudson,* for relator.

*Henry A. Morgan,* for respondents.

DIBELL, J.

Certiorari to review the judgment of the district court of Freeborn county awarding compensation to Frank C. Dudley who received an injury while in the employ of the relator, Albert Lea Packing Company.

The schedule of compensation as fixed by Laws 1917, p. 498, chapter 351, § 13, is as follows:

"Section 13. Following is the schedule of compensation: (a) For injury producing temporary total disability sixty per centum of the wages received at the time of the injury, subject to a maximum compensation of twelve ($12.00) dollars per week and a minimum of six and one-half ($6.50) dollars per week; provided, that if at the time of injury the employee receives wages of less than six and one-half ($6.50) dollars per week, then he shall receive the full amount of such wages per week. This compensation shall be paid during the period of such disability, not, however, beyond three hundred weeks. Payments to be made at the intervals when the wage was payable, as nearly as may be. * * *

"(c) For the permanent partial disability, the compensation shall be based upon the extent of such disability. In cases included by the following schedule the compensation shall be that named in the schedule, to wit: * * *

"For the loss of a leg, sixty per centum of daily wages during one hundred and seventy-five (175) weeks. * * *

"In all cases of permanent partial disability, it shall be considered that the permanent loss of the use of member shall be equivalent to and draw the same compensation as the loss of that member; but the com-

pensation in and by said schedule provided, shall be in lieu of all other compensation in such cases. * * * *

"In all other cases of permanent partial disability not above enumerated the compensation shall be sixty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition, subject to a maximum of twelve dollars ($12.00) per week. Compensation shall continue during disability not, however, beyond three hundred (300) weeks.".

The injury occurred on November 3, 1917. The plaintiff suffered an impacted fracture of the upper end of his left thigh bone. He was in a hospital from November 3, 1917, to January 11, 1918, and again from July 18, 1918, to October 3, 1918. The fracture did not unite. It will not unite unless there is another operation. Such operation would be dangerous and of doubtful result. It is not to be advised. He is upwards of 60 years of age. He suffers great pain and is nervous. If he had suffered the loss of a leg, and the result had been ordinarily favorable, he would by this time be in a condition of partial disability only. His disability up to this time is total. He has suffered more than the loss of the use of his leg. Its use is gone and up to the present time the rest of his body is useless for any working purpose. The condition of the fracture so affects his hips and other parts of his body and there is such attendant pain that he can remain sitting for no considerable length of time. He cannot employ himself in work which may be done by one sitting, nor is there any work suggested which he may do. So the trial court finds. It may be noted in considering the seriousness of his injury that the packing company furnished him the best possible treatment and hospital service to effect a good result. It expended in that behalf $562.-25, while the statute strictly requires but $100. The commendable effort of the company to effect a good result has resulted no more beneficially than we have stated.

Dudley was receiving wages at $18.50 per week and he was awarded compensation on the basis of 60 per cent or $11.10 per week for 300 weeks. This is the maximum in amount and time allowed for a tem-

porary total disability. It is also the maximum in amount, and in time allowed, for a permanent partial disability.

The relator contends that the provision of the statute that the permanent loss of the use of a member shall be compensated on the basis of the loss of the member, which is in lieu of all other compensation, fixes the maximum compensation at 60 per cent of daily wages for the period of 175 weeks, and that an award beyond such period is not sustained.

The provision for 60 per cent of wages for 175 weeks is in the portion of the statute referring to permanent partial disability. It is in connection with other provisions fixing a definite award for definite injuries. The compensation is for a definite period, a full period of 175 weeks, not for a maximum period of 175 weeks with a possible lesser minimum. We do not find authorities construing a provision quite like our statute, and we confine our holding to the precise question before us. While the relator's contention is pressed with force, it is our view that it was not intended by the statute to limit compensation for such an injury as we have here to compensation for the loss of a leg. The statute is to be construed liberally in favor of the employee. Dudley, at the time of the trial and from the date of his injury, suffered a total disability, assumed to be temporary, and was entitled to compensation accordingly. It does not appear that the disability will be less within the period of 300 weeks. The parties have such right to a readjustment, if occasion comes, as the statute gives them. G. S. 1913, § 8222; State v. District Court of Hennepin County, 136 Minn. 147, 161 N. W. 391; Hunnewell's Case, 220 Mass. 351, 107 N. E. 934.

Order affirmed.