# TONY CHIOVITTE v. ZENITH FURNACE COMPANY.[1]

## February 24, 1921.

### No. 22,224.

**Workmen's Compensation Act—partial loss of sight.**

1. Where a workman sustains an injury which results in the partial loss of the sight of one eye, he is entitled to compensation during that part of 100 weeks which the extent of injury to the eye bears to its total loss at the rate prescribed for the loss of an eye.

**Liability not dependent upon loss of earnings.**

2. The liability for the compensation prescribed in the statute for the injuries enumerated therein is absolute and not dependent upon an actual decrease in earnings.

**The eye is a "member."**

3. The term "member" as used in the Workmen's Compensation Statute includes the eye.

Upon the relation of the Zenith Furnace Company the supreme court granted its writ of certiorari directed to the district court for St. Louis county and the Honorable H. A. Dancer, one of the judges thereof, to review proceedings in that court brought by Tony Chiovitte, employee, against relator, employer. Affirmed.

*Washburn, Bailey & Mitchell,* for relator.

*M. E. Louisell* and *John R. Heino,* for respondent.

*John F. Gardiner,* Commissioner of Labor and Industries, by *K. G. McManigal,* Special Agent, Compensation Division, filed a brief as amicus curiae.

TAYLOR, J.

A writ of certiorari brings before this court, for review, a judgment of the district court of St. Louis county awarding to the plaintiff, an employee of the defendant, the sum of $15 per week for a period of 60 weeks as compensation for the partial loss of the sight of his right eye.

[1]Reported in 181 N. W. 643.

The case was submitted to the district court on the pleadings and a stipulated statement of facts.

It is admitted that plaintiff, while engaged in the performance of his duties, sustained an injury to his right eye which resulted in permanently impairing the sight of that eye to the extent of 68 per centum of its usefulness; that he received compensation from defendant at the rate of $15 per week for eight weeeks which covered the full period that he was unable to work and that he returned to work, and is now regularly employed by defendant, and is receiving higher wages than at the time of the accident.

The statute, section 8207, G. S. 1913, as amended by chapter 442, p. 520, of the Laws of 1919, provides:

"Following is the schedule of compensation:

(a) For injury producing temporary total disability  *  *  *

(b) In all cases of temporary partial disability  *  *  *

(c) For the permanent partial disability, the compensation shall be based upon the extent of such disability. In cases included by the following schedule the compensation shall be that named in the schedule, to-wit:  *  *  * For the loss of an eye, sixty-six and two-thirds per centum of the daily wages during one hundred (100) weeks.  *  *  *

In all cases of permanent partial disability, it shall be considered that the permanent loss of the use of member shall be equivalent to and draw the same compensation as the loss of that member; but the compensation in and by said schedule provided, shall be in lieu of all other compensation in such cases.

In cases of permanent partial disability due to injury to a member, resulting in less than total loss of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss of the respective member, which the extent of injury to the member bears to its total loss.

All compensations provided in clause (c) of this section for loss of members, or loss of use of members, are subject to the same limitations as to maximum and minimum as are stated in clause (a).

In all other cases of permanent partial disability not above enumerated the compensation shall be sixty-six and two-thirds per centum of the

difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition, subject to the maximum of fifteen ($15.00) dollars per week. Compensation shall continue during disability, not, however, beyond three hundred (300) weeks.

For permanent total disability as defined in subsection (e) below, sixty-six and two-thirds per centum of the wages received at the time of the injury, subject to a maximum compensation of fifteen ($15.00) dollars per week and a minimum compensation of six and one-half ($6.50) dollars per week  *  *  *  This compensation shall be paid during such permanent total disability not exceeding five hundred and fifty (550) weeks.  *  *  *

(e) The total and permanent loss of the sight of both eyes * * * shall constitute total disability."

The compensation for the loss of one eye is a specified weekly payment for a period of 100 weeks, but the compensation for the partial loss of the sight of one eye is not specifically stated in the schedule. The compensation for the total loss of the sight of both eyes is a specified weekly payment for the period of 550 weeks, but the compensation for the partial loss of the sight of both eyes is not specifically stated in the schedule.

Defendant contends that as the compensation for partial loss of the sight of an eye is not specifically stated in the schedule, the case is governed by the clause which provides that:

"In all other cases of permanent partial disability not above enumerated the compensation shall be sixty-six and two-thirds per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition," and that consequently plaintiff is not entitled to further compensation, as he is receiving higher wages than he received at the time of the injury.

Zinken v. Melrose Granite Co. 143 Minn. 397, 173 N. W. 857, is cited in support of this contention. The Zinken case arose under chapter 209, p. 285, of the Laws of 1915, but, while that statute has been changed in some respects, particularly as to the amount of compensation to be allowed, the provisions which bore on the questions here involved were substantially the same as those in the present statute.

In that case Zinken had sustained an injury which resulted in the loss of three-fourths of his normal power of vision, the loss of one eye and of one-half the sight of the other, and was unable to earn any wages. The question was whether he should be considered as having sustained two separate injuries, one to each eye, which would result in giving him compensation during 100 weeks for the total loss of one eye and during 50 weeks for the loss of one-half the sight of the other, or whether he should be considered as having sustained a single injury which destroyed three-fourths of his normal power of vision and rendered him unable to earn wages. For the loss of both eyes the statute gave a compensation much greater than twice that allowed for the loss of one, recognizing that the total disability resulting from blindness was much greater than double the disability resulting from the loss of one eye. The injury to both eyes had been caused in the same manner and in the same accident, and it was held that the injury should not be split into two parts with a separate allowance for each part, but should be considered as an entirety for the purpose of measuring the compensation to which the workman was entitled, and it was further held that he was entitled to recover under the above provision as no other seemed to be as applicable to such a situation.

A similar result was reached in State v. District Court of Blue Earth County, 133 Minn. 439, 158 N. W. 700, which involved the total of one eye and the nearly total loss of the other, and a somewhat similar rule was applied in State v. District Court of Clay County, 129 Minn. 91, 151 N. W. 530, which involved an injury to both hand and arm, and also in State v. District Court of Ramsey County, 144 Minn. 198, 174 N. W. 826.

The statute contains a lengthy schedule specifically prescribing the compensation to be paid for the loss of various members of the body therein named, and recognizes the loss of any such member as constituting a permanent partial disability. For the injuries enumerated in the schedule, the prescribed compensation is to be paid, and the liability therefor is made absolute and is not dependent upon an actual decrease in earnings. After prescribing the compensation for the injuries specifically named, the statute further provides that:

"In cases of permanent partial disability due to injury to a member,

resulting in less than total loss of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss of the respective member, which the extent of injury to the member bears to its total loss."

This provision recognizes that an injury which results in less than total loss of a member constitutes a permanent partial disability to the extent which the "injury to the member bears to its total loss," and prescribes as compensation therefor a like proportional part of the compensation allowed for such total loss. State v. District Court of Hennepin County, 136 Minn. 147, 161 N. W. 391. The obligation to pay the prescribed compensation for such partial disability is not dependent upon an actual decrease in earnings but is made absolute.

It was clearly the legislative intention that, when the schedule prescribes the compensation to be paid for the loss of a member, this provision should control and determine the compensation to be paid for its partial loss, and that the partial loss of the use of a member should be equivalent to and draw the same compensation as the partial loss of that member. The clause on which defendant relies is placed at the end of the provisions relating to partial disability, apparently as a sort of catch-all to cover those cases which otherwise might be omitted, and by its terms applies only to those cases not before enumerated.

The compensation for the loss of one eye is a specified weekly payment for a period of 100 weeks. Plaintiff lost 68 per centum of the sight of one eye and therefore became entitled to the specified weekly payment for a period of 68 weeks. The trial court correctly so held, and, as plaintiff had received compensation for only eight weeks, awarded it to him for the remaining 60 weeks. Defendant concedes that the award is correct, unless the case is governed by the rule applied in the Zinken case.

A question is raised as to whether an eye is included in the term "member" as used in the statute. This was apparently suggested by a passing remark in the Zinken case. An examination of the various statutory provisions relating to the eye and of the manner in which the term "member" is used in the statute, leaves no doubt that this term

was intended to refer to and include the eye as well as the other integral parts of the body named in the schedule.

Judgment affirmed.