Nestle's Food Company and another, Appellants, vs. Industrial Commission of Wisconsin and another, Respondents.

*October 13—November 8, 1922.*

*Workmen's compensation: Injury to eyes: Protective vision: Total or partial compensation.*

An employee suffering injury impairing the vision of both eyes, with a remaining vision of 16-200 in one eye' and 10-200 in the other and good protective vision, enabling him to do coarse work and to earn $3.37 per day as a janitor, was not entitled to compensation under sec. 2394—9, Stats. 1921, as for "total blindness of both eyes," but his disability was compensable under the relative-injury clause.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge. *Reversed.*

This action was brought to set aside an award of the *Industrial Commission.* It appears that while *William Duckow* was in the employ of the *Nestle's Food Company* his left eye was injured by a steam burn; that thereafter his right eye became affected in sympathy, causing impairment of vision in both eyes as the result of the accident. The expert testimony indicated that at the time of the hearing he had a vision of 16-200 in the right eye and 10-200 in the left eye. He had good protective vision. He could get about, protect himself, and do certain kinds of work. He·had what the physicians term good protective vision that would allow him to do the coarser kind of work. At

the time of the hearing he was employed at janitor work by the *Nestle's Food Company* and was earning $3.37 per day, working nine hours a day. Upon this evidence the *Industrial Commission* awarded compensation as for a total disability. The judgment of the circuit court affirmed the award, from which judgment appellants bring this appeal.

*James T. Drought* of Milwaukee, for the appellants.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

OWEN, J. Sec. 2394—9, Stats., declares total blindness of both eyes to constitute total disability. The question here is whether total blindness within the meaning of this statute exists where the employee has good protective vision and is enabled to do certain kinds of work. It seems to us that one who enjoys good protective vision and can get about and render service such as the applicant was performing at the time of the award is not commonly regarded as totally blind. While this statute is to be liberally construed to effectuate its purpose, we think it is going beyond the limits of permissible construction to say that one in the situation of claimant is totally blind.

The trial court relied upon *State ex rel. Casualty Co. v. District Court,* 133 Minn. 439, 158 N. W. 700. In that case there was not a complete loss of vision, but there was testimony to the effect that there was not sufficient vision remaining to enable the employee to perform any kind of work. This circumstance distinguishes that from the instant case. We think the award should have been based upon the relative-injury clause.

The judgment of the circuit court should be reversed, and cause remanded with instructions to enter judgment setting aside the award of the *Industrial Commission.*

*By the Court.*—So ordered. No costs to be taxed.