(107 So. 837)

## HARDISTY v. WOODWARD IRON CO.
### (6 Div. 462.)

(Supreme Court of Alabama. Jan. 14, 1926.
Rehearing Denied March 8, 1926.)

**1. Master and servant ☞371.**

Injury must be caused by accident arising out of and in course of employment to be compensable.

**2. Master and servant ☞403.**

Where issue of whether death was caused by accident in course of employment is raised by answer, burden of proof is on plaintiff.

**3. Master and servant ☞412.**

On certiorari, findings and judgment in compensation proceeding are not reviewed as finding of judge sitting without jury, nor is case triable de novo on evidence.

**4. Master and servant ☞412.**

On certiorari in compensation proceeding, bill of exceptions is allowed only to determine whether finding is supported by some evidence and not to pass on weight of evidence.

**5. Master and servant ☞405(4)—Finding of death from natural cause and not from accident arising out of employment sustained.**

Where employee fell dead while walking down team track in coal mine, claimed due to electric shock, finding that death was from natural cause and not accident arising out of employment, *held* sustained by evidence.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition of Maggie Hardisty for certiorari to the circuit court, Jefferson county, to review the judgment and finding of that court in a proceeding under the Workmen's Compensation Act by petitioner against the Woodward Iron Company. Writ denied; judgment affirmed.

The suit is under the Workmen's Compensation Law (Laws 1919, p. 206), to recover compensation to the dependent wife and minor children of a deceased employee. The trial court found the facts as follows:

"Plaintiff sues to recover for the death of her husband. Compensation is denied on the sole ground that the court is not reasonably satisfied from the evidence that Charlie Hardisty, the husband, died as result of an accident arising out of his employment.

"The testimony of Joe Davis for the plaintiff was that deceased was walking down a team track in the coal mine of defendant, with a Stilsen wrench upon his shoulder, where the roof was so low that it was necessary for him to stoop in walking, and that the wrench came in contact with the trolley wire fastened on brackets to roof of mines; a flash was seen from contact of wire and wrench, when deceased fell dead.

"The defendant had several witnesses, all of whom contradicted Joe Davis. They swore that deceased was walking along with nothing but a bucket in his hand, and sank suddenly to the ground, dying immediately; that the wire was not in his reach where he was walking when stricken, and he did not touch said wire with a wrench or anything else.

"The court concludes the death was from natural causes, unknown to doctor or any one else and was not caused by an accident arising out of his employment."

A bill of exception setting out the evidence on the trial is made part of the record.

S. R. Hartley, of Birmingham, for appellant.

An employé killed by an electric shock is killed by an accident arising out of and in the course of his employment. Lawson v. Mobile E. Co., 85 So. 257, 204 Ala. 318; Ex parte Todd, etc., Co., 103 So. 447, 212 Ala. 477. The provisions of the Workmen's Compensation Act are to be liberally construed in favor of the employé. Ex parte W. T. Smith Lbr. Co., 90 So. 807, 206 Ala. 485; Ex parte Majestic Coal Co., 93 So. 728, 208 Ala. 86.

Huey & Welch, of Bessemer, for appellee.

Where the finding by the circuit judge is supported by any evidence, the judgment will be affirmed and the bill of exceptions will not be looked to. Ex parte Woodward Ir. Co., 99 So. 97, 211 Ala. 74; Ex parte Jagger C. Co., 99 So. 99, 211 Ala. 11; Ex parte Woodward Iron Co., 99 So. 649, 211 Ala. 111; Ex parte Gadsden Car Works, 99 So. 725, 211 Ala. 82; Ex parte Sloss Co., 92 So. 458, 207 Ala. 219; Ex parte Nunnally Co., 95 So. 343, 209 Ala. 82.

BOULDIN, J. [1,2] That the death of the employee was "caused by an accident arising out of and in course of his employment" is a necessary condition to the right to compensation. When put in issue by answer, the burden of proof is on the plaintiff claiming compensation.

As appears from the foregoing statement of the case, the trial court gave a summary of the evidence on both sides relating to the controlling issue in the case, followed by his conclusion.

[3-5] Appellant's argument is directed largely to a discussion of the weight of the evidence. It misconceives the duty and function of the appellate court in this class of cases. The case is not triable de novo on the evidence presented by bill of exceptions, nor reviewed even as the finding of a judge sitting without a jury in ordinary trials at law or in equity upon testimony of witnesses examined before the court. The proceeding here is by certiorari, in which a bill of exceptions is allowed as part of the record; not for the purpose of passing upon the weight of the evidence, but, in cases like the present, to determine whether there is any

evidence supporting the finding of the trial judge. Ex parte Woodward Iron Co., 99 So. 97, 211 Ala. 74; Ex parte Gadsden Car Works, 99 So. 725, 211 Ala. 82; Ex parte Woodward Iron Co., 99 So. 649, 211 Ala. 111; Ex parte Nunnally Co., 95 So. 343, 209 Ala. 82; Ex parte L. & N. R. Co., 94 So. 289, 208 Ala. 216; Ex parte Sloss-Sheffield S. & I. Co., 92 So. 458, 207 Ala. 219. The evidence appearing in the bill of exceptions clearly supports the summary of evidence made by the trial court, as well as his conclusions of fact. A recital of the testimony of the several witnesses in detail would serve no good purpose.

The writ is denied, and the judgment affirmed.

Writ denied; judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.