3 So.2d 304

**DANIELS CONST. CO., Inc., v. PHILLIPS.**

6 Div. 840.

Supreme Court of Alabama.

May 22, 1941.

Rehearing Denied June 5, 1941.

Rehearing Denied With Extension of Opinion June 30, 1941.

Sadler & Sadler, of Birmingham, for appellant.

538

DeGraffenried & DcDuffie, of Tusca-loosa, for appellee.

BROWN, Justice.

Certiorari by the employer to review the finding of fact by the trial court, in a proceeding under the Workmen's Compensation Act, and the award predicated thereon as excessive.

The finding is that the workman "while so engaged under the terms of his employment and while acting within the line and scope of his employment he was accidentally injured by the fall of a piece of stone with which he was working and which weighed about 1400 pounds, and which *struck him on his face, arms, body and legs.* The Court finds as a proximate result of said piece of stone falling on the plaintiff he suffered a permanent partial disability to his leg amounting to 40 per cent of the use thereof, and *that he suffered a permanent partial disability to his eyesight, and a permanent partial disability to his hearing, and his nervous system is permanently impaired and his general health is permanently impaired."* [Italics supplied.]

It is stated in brief for the petitioner: "It is plain therefore, that if the decree is erroneous in the finding of other injuries besides the injury to the leg, the award greatly exceeds that allowed by law," and the contention is made that there is no evidence to support the finding of such other injuries."

The attending physician testified: "From my observation of him he will never have the confidence in himself that he had before to do the kind of work he was doing. I think he will always be afraid to take risks as he took them before. He will probably never again regain complete use of his leg. From time to time during the time I treated him he has complained to me about his hearing having been impaired. I am not an ear doctor but I know that the patient has complained to me as his physician from time to time as to his hearing having been impaired since the accident. *. * * He was bruised in various parts of his body."

The evidence is without dispute that plaintiff was made sick by the injury and was under the care of a physician for several months. He testified: "Since I have tried to do some work during the past two or three months, I have lost some weight, to the best of my judgment, probably ten to fifteen pounds. I say I received a lick on my chin. * * * Prior to the injury I received, my hearing has been all right. Since that time, well I believe in 1940, I began to notice it was getting bad. It began to get bad some six to eight months after the injury. I think I asked Dr. Davis during the time he treated me if it would affect my hearing or eyesight.

My eyesight was good before the injury; now I have to use glasses to read. My eyesight is impaired. I do not know to what extent. As I have stated, I do not have the quickness of action that I had before the injury nor the coordination of movement that I had before nor the strength nor security or endurance nor the confidence or dependency in the use of my body and leg, that I had before. I have a feeling of awkwardness or nervousness or cautiousness in the use of it. * * * I suffer from inertia and fatigue and diminished endurance and vigor. I am nervous now."

The court states · in his conclusion of facts that the workman suffered a permanent partial disability in his earning capacity.

It cannot be affirmed that there is no legal evidence supporting the conclusion of fact stated in the decree. Shell Petroleum Corporation v. Lucas, 232 Ala. 654, 169 So. 291.

The judgment is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.

On Rehearing.

BROWN, Justice:

The conclusion of fact in the judgment of the trial court is: "The Court finds as a proximate result of said piece of stone falling on the plaintiff he suffered a permanent partial disability to his leg amounting to 40 per cent of the use thereof *and that he suffered a permanent partial disability to his eyesight, and a permanent partial disability to his hearing, that his nervous system is permanently impaired and his general health is permanently impaired.* * * * The Court further finds that the plaintiff had a wife and four minor children at the time of the accident who were wholly dependent upon the plaintiff . for support and have been dependent upon him for support continuously since that time. That the average weekly earnings of the said N. J. Phillips for several months immediately prior to the time of the accident was $35.00 per week and that because of his said injury and as a proximate result thereof he is permanently partially disabled to the extent that he is able to earn only $15.00 as his average weekly earnings." [Italics supplied.]

The contention of appellant is, to state it in the language of the brief: "That the evidence does not justify a finding that the workman suffered any permanent injury other than a 40% loss of the use of his leg and that accordingly he is entitled to compensation at the rate of 65% of his average weekly earnings for a period equivalent to 40% of 175 weeks, which are [is] 70 weeks. It is further our contention that in determining whether or not the workman is suffering from any disability other than loss of use of the leg, it must be considered that all pain, inconvenience, awkwardness, loss of confidence and all ·other disabilities which are *incidental to and which naturally and ordinarily follow* from the loss of a leg are included within the prescribed compensation for that specific disability and are not themselves to be considered as bases for additional compensation." [Italics supplied.]

The conclusion of fact does not show affirmatively that the enumerated injuries and disability indicated by italics were incidental and naturally resulting from the partial permanent loss of the use of the leg, but they show that said disabilities were in addition to such loss, and proximately resulted from the accident, and there was evidence supporting these conclusions, showing a permanent partial disability not otherwise provided for, and which is clearly within the general provision of subsection (c)6 of § 279, Tit. 26, Code of 1940, which is the same as the provision of the Act of 1935, p. 834, amending § 7551 of the Code of 1923. Said subsection provides:

*"All other permanent partial.*

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in subsection (A)."

The percentage of the allowance is increased by the provision of the subsection (h), p. 837, Acts 1935, carried into the Code of 1940, Tit. 26, p. 510, § 279 ·(H): "Wherever in this section there is a provision for fifty-five percent, such percent shall be increased five percent for a dependent wife and five percent for each de-

pendent child of the employee under the age of eighteen years at the time of the injury to the employee until such percent shall reach a maximum of sixty-five per-cent." See Code 1940, Tit. 26, p. 507, § 279, Subsection (c)6 and 7, Ib. p. 510, Subsection (H).

The circuit court followed the statute in the ascertainment of the amount payable.

The conclusion and finding of fact supports the award.

Application for rehearing overruled.