This is a suit for compensation for total, permanent disability growing out of an alleged back injury.
Plaintiff was employed as a pipe-fitter by W. Horace Williams Company and sustained an accident while working in the course and scope of his employment at Camp Polk on April 11, 1941. There is no dispute concerning a compensable injury arising from the accident which happened nor is there any question regarding the amount of weekly compensation that has to be paid if any is due beyond that already paid. The two issues raised in defense to the suit are presented in the following questions propounded in brief of counsel for the defendants: Is the plaintiff presently disabled? If he is, is his present condition the result of the accident of April 11, 1941?
Without assigning written reasons the district judge ruled in favor of the plaintiff and rendered judgment as prayed for by him against both defendants, W. Horace Williams Company, the employer, and the Employers' Assurance Corporation, the compensation insurance carrier, and from that judgment this appeal was taken.
In his petition plaintiff sets out the accident by alleging that he was engaged with other workmen in fitting and laying a two inch pipe-line. That in the course of their work it became necessary for him to straddle a ditch in which the pipe-line was being laid and while holding the pipe-line up with his left hand in order to remove a two by four from under it, the moment the two by four was removed the whole line buckled, jerked his left foot into the ditch, whereupon the pipe struck him a sudden and violent blow in the crotch. He alleges that the blow caused him to have a severe pain and sprain in the lower part of his body which resulted in a sacroiliac sprain *Page 705 
and spondylolisthesis of the fifth lumbar vertebra on the first sacral segment, and to the second lumbar vertebra; also a severe bruise and injury to the coccyx bone, as well as an injury and sprain to the muscles, ligaments, tendons and nerves of the small of his back.
He alleges that he was paid compensation at $20 a week for 16 weeks and that he is entitled to 400 weeks subject to a credit for the amounts paid. He also alleges that he has spent approximately $100 for medical expenses and will be compelled to spend more than the $250 which he is entitled to recover on that item.
Plaintiff's own testimony supports the allegations of the petition concerning the way in which the accident happened. He had never had an accident before although he had been engaged more or less all the time in industrial work. He describes the manner in which he suffered pain and the awkward position he has to assume, and states that he is unable to do hard manual work. He is corroborated by two of his neighbors on the point that prior to the accident he had always enjoyed good health, had been kept more or less constantly employed, doing hard work, and that it is only since the accident that he has an awkward and bent-over appearance and can't get around as did before.
This lay testimony gives weight to the medical testimony which is almost all to the effect, with the exception of that of one of the medical experts, that there is a disabling condition. True it is that the doctors do not agree on what the specific nature of the back injury is, but this, it seems, is not unusual in cases of this kind. See Phillips v. Yazoo M.V.R.R. Co., La.App., 183 So. 43. If there is found to be an accidental back injury which brought on the disability, the fact that the injured employee cannot have the doctors agree on its exact cause cannot deprive him of the compensation which is otherwise due him under the compensation statute, Act 20 of 1914 and its amendments.
Dr. J.B. Harris and Dr. Carson Reed, Jr., testified as expert witnesses for the plaintiff, both having made X-ray as well as clinical and pathological examinations. Dr. Harris states that his first X-ray examination revealed a true spondylolisthesis which however he was unable to detect in the second picture taken at a later date. He admitted that the human element of error may have entered in the taking of this second picture. Although he may be said to have some doubt concerning the spondylolisthesis his conclusion is that the accident plaintiff sustained is the cause of his present complaints. If a true spondylolisthesis is present, no permanent relief will be accomplished without a serious operation.
Dr. Reed who is an orthopedic surgeon, is definitely of the opinion that there is a forward displacement of the fifth lumbar vertebra, one-fourth inch on the first sacral segment, which is a true spondylolisthesis and it can only be corrected by a major orthopedic operation. Both he and Dr. Harris admitted that generally, spondylolisthesis is of congenital origin but they both stated that in cases where it is predisposed it can be accentuated or produced by trauma.
Dr. W.P. Addison who testified as an expert for the defendants examined plaintiff on August 19, 1941 and at that time found that pressure over the lumbo-sacral joint and the left fifth lumbar transverse process caused considerable pain. Even on that day, which, it is noted, was after defendants had already ceased paying him compensation, this doctor found plaintiff to be totally disabled. He recommended at the time that he be fitted with a proper lumbo-sacral brace and that he be given absolute rest with physiotherapy treatments to his back. Whilst this doctor seems to be of the opinion that the condition may have been an old one and that it was chronic, he nevertheless conceded the possibility of a flare up brought on by trauma. "Assuming that it was dormant," he stated, "it has evidently flared up."
The remaining expert, Dr. Frank J. Cox, witness for the defendants, may be said to disagree with the others to the extent that he found no true spondylolisthesis and that as he interpreted the X-rays, he was of the opinion that the condition found was arthritic in nature; but even so, although he said that it was congenital he incidently mentioned the trauma as being co-incidental with the postural strain exerted upon the lumbo-sacral joint. His testimony then cannot be regarded as entirely to the plaintiff's disadvantage and even if it were so considered, it certainly would not be sufficient to overcome the strong preponderance of all the evidence which is otherwise in his favor.
Our conclusion from the foregoing analysis of the testimony is that the plaintiff *Page 706 
is disabled and that the accident which he sustained on April 11, 1941, if not the original cause of his condition which brought about the disability, contributed to it so strongly that it would not have become manifest at the time it did but for the accident. Therefore both questions posed in the brief of counsel for defendants have to be answered in the affirmative and as it is conceded that those are the only two issues raised in defense of plaintiff's suit, it follows that the judgment appealed from which was in his favor is correct, and will have to be affirmed.
Judgment affirmed at the costs of the defendants, appellants herein.