30 So.2d 456

### BLACK v. ALABAMA DRY DOCK & SHIPBUILDING CO.

I Div. 284.

Supreme Court of Alabama.

May 15, 1947.

H. C. Rankin, of Brewton, for appellant.

Armbrecht, Inge, Twitty & Jackson, of Mobile, for appellee.

LAWSON, Justice.

This is a suit based on a claim for compensation under the Workmen's Compensation Law. Chapter 5, Title 26, Code of 1940.

The plaintiff, J. I. Black, claimed that on July 17, 1943, he was employed by the defendant company, Alabama Dry Dock and Shipbuilding Company, as a mechanic's helper; that on said date and while he was engaged in the performance of his duties, a gasoline torch exploded causing the plaintiff to suffer the following described injuries: (1) a permanent partial disability to his hearing; (2) a permanent partial disability to his eyesight; (3) his nervous and circulatory systems were severely shocked and injured and his general health permanently impaired.

Plaintiff seeks a review by this court of a judgment of the circuit court of Mobile County denying him compensation although that court found that plaintiff was employed as alleged and that while so employed he was injured as a result of an explosion of a gasoline torch on July 17, 1943.

The trial court's action in denying compensation to plaintiff appears to have been predicated on the following findings of fact and conclusions of law:

(1) That the only injury and disability suffered by plaintiff as a result of the explosion was a permanent partial disability to his hearing, namely, the 50 per cent loss of hearing in one ear.

(2) That since there is no schedule in the Workmen's Compensation Law which specifically covers a permanent partial disability to an ear, compensation for such disability must be determined in accordance with the provisions of subsection (C) 6 of § 279, Title 26, Code of 1940, which provides: "In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in subsection (A)."

(3) That plaintiff did not sustain any loss of "earning power" as a result of the accident. This finding appears to have been based to some extent on the further findings, that the "injury to his hearing in his left ear did not interfere with the performance of his usual occupation"; "that without losing time from his work on account of such injury, plaintiff voluntarily left his employment with the defendant and re-

turned to his former home near Brewton, Alabama; that on December 28, 1944, plaintiff went to work for Waterman Steamship Corporation as a mechanic's helper performing the same, duties he performed in the plant of the defendant and drawing the prevailing rate of pay for a mechanic's helper."

██ If the only disability which plaintiff suffered was a 50 per cent loss of hearing in one ear, it is settled that his right to compensation must be determined by the application of subsection (C) 6, § 279, Title 26, supra. There is no specific schedule covering a permanent partial disability of that nature. Alabama By-Products Co. v. Landgraff, 248 Ala. 253, 27 So.2d 215; Malbis Bakery Co., Inc., v. Collins, 245 Ala. 84, 15 So.2d 705; Daniels Const. Co. v. Phillips, 241 Ala. 537, 3 So.2d 304.

██ It is also well established that compensation cannot be awarded in cases where subsection (C) 6, § 279, Title 26, supra, is operative unless the workman suffered a loss of ability to earn. Alabama By-Products Co. v. Landgraff, supra.

We do not understand that the plaintiff is here complaining of the trial court's conclusions of law but he does contend that the lower court erred in his findings of fact in the following respects: first, in finding that the only injury and disability sustained by the plaintiff by reason of the accident was a 50 per cent loss of hearing in his left ear; second, in finding that plaintiff did not sustain any loss of earning power as a result of the accident.

Plaintiff testified as to the injury to his ear. He further stated that his eyesight had been failing ever since the accident; that one eye hurt him "right smart"; that he was nervous and suffered dizzy spells, which caused him to fall; that he had sharp pains in his jaw and all over his head and that he was not able to do half as much heavy work as he could do prior to the accident. There was other testimony given by non-expert witnesses tending to show that plaintiff had fallen on several occasions and appeared to be nervous.

It seems to be plaintiff's position that there was no evidence which specifically and directly denied that plaintiff received an eye injury and the other injuries above referred to, and that therefore there was no evidence to support the finding of the trial court that the only injury which plaintiff received by reason of the accident was the 50 per cent loss of hearing in one ear.

At the time of the accident plaintiff was approximately 57 years of age. He was treated by a firm of specialists for the injury to his ear. This firm of physicians likewise specialized in the treatment of the human eye. Although plaintiff was treated by them immediately after the accident and a number of times thereafter he never made any complaint about an eye injury or asked that his eyes be examined. He never complained to them of any injury other than to his ear. There was medical testimony offered by the defendant from which the trial court could have found that any infirmities with which plaintiff might be suffering other than the disability to his left ear were the result of a sinus condition or bad teeth.

██ The burden of proof rested upon the plaintiff to reasonably satisfy the trial court that he had in fact suffered the injuries claimed in his complaint. Likewise the burden was upon him to establish the causal connection between the accident and any infirmity with which he might be suffering at the time of the trial. Ex parte Coleman, 211 Ala. 248, 100 So. 114.

██ In a case of this kind the credibility of the testimony is a material issue before the trial court. Its findings of fact must of necessity be based upon the probabilities in the case, the natural and reasonable inferences to be drawn from the testimony, and especially the credence that should be given to the plaintiff's statements, since he offered no medical evidence in support of his claim.

██ We hold that the evidence and the reasonable inferences therefrom support the finding of the trial court that the only injury suffered by the plaintiff by reason of the accident was the 50 per cent loss of hearing in his left ear.

As before indicated, plaintiff also insists that there was no evidence to support the finding of the trial court that he did not

sustain any loss of earning power as the result of the accident.

In this connection, plaintiff testified that he was unable to engage in any gainful occupation for a period of approximately 17 months after the accident and until he went into the employ of the Waterman Steamship Company in December, 1944. He testified that he stopped working for defendant after the accident because of the painful nature of the injury to his ear and because he was in fear of further injury as the result of his deafness. He next insists that as a result of the accident he was caused to accept less compensation at his job as a mechanic's helper with the Waterman Steamship Company than he made with defendant company prior to the accident.

Prior to the time the plaintiff was employed by the defendant company he worked at sawmills and as a farmer. Just prior to the accident, plaintiff had returned to the employ of the defendant company after having been granted a leave of absence in order to gather his crops at his home in Brewton. After the accident, plaintiff continued to work for the defendant company for from one to two weeks. He then stopped working and remained at his home in Brewton, from which city he had been commuting to his work at the defendant's plant in Mobile.

While employed by the defendant as a mechanic's helper, plaintiff's sole duty was to furnish the mechanic with whom he was working the necessary supplies and tools. There was medical testimony tending to show that the ear injury suffered by plaintiff did not interfere with the performance of such duties. It was further shown by medical testimony that it was customary for employees doing that type of work to continue working while being treated for an injury such as that suffered by the plaintiff.

Evidence on the part of the defendant company is clear to the effect that the plaintiff while in the employ of the Waterman Steamship Company received the prevailing rate of compensation paid to mechanic's helpers and that the accident did not cause him to receive less compensation than he would have received if it had not occurred. There is evidence to show that he performs the same duties and receives the same compensation as other mechanic's helpers of like age.

We hold that there was legal evidence to support the finding of the trial court that the plaintiff did not suffer any loss of "earning power" as a result of the accident.

Much of appellant's argument is directed to a discussion of the weight of the evidence. The case is not here triable de novo on the evidence incorporated in the record, nor reviewable even as are findings of a judge sitting without a jury in ordinary trials at law or in equity upon testimony of witnesses examined before the court. The proceeding here is by certiorari, in which the evidence is permitted as a part of the record, not for the purpose of passing upon the weight of the evidence, but in cases like the present, to determine whether there is any evidence supporting the findings of the trial judge. If the evidence, or the reasonable inferences therefrom, tends to support the findings of the trial judge, the judgment is final and conclusive. Houser v. Young, 247 Ala. 562, 25 So.2d 421; Shell Petroleum Corp. v. Lucas, 232 Ala. 654, 169 So. 291.

The evidence appearing in the record clearly supports the summary of evidence made by the trial court, as well as his findings of fact.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.