59 So.2d 606

## DUNNING v. REPUBLIC STEEL CORP.

### 6 Div. I.

Supreme Court of Alabama.

Nov. 30, 1950.

Rehearing Denied Jan. 11, 1951.

Benners, Burr, Stokely & McKamy and Wm. Henry Beatty, all of Birmingham, for appellee.

Jerome A. Cooper and Hugo L. Black, Jr., of Birmingham, for appellant.

STAKELY, Justice.

This action arises under the Workmen's Compensation Act of Alabama, Code 1940, Tit. 26, § 253 et seq., and comes to this

court on a petition for certiorari. Review and reversal of the judgment of the lower court is sought on the theory that the court should have allowed to petitioner compensation for permanent partial disability due to a back injury. The court awarded petitioner $41.60 for temporary partial disability to the extent of five percent for a period of 26 weeks.

The plaintiff claims disability from an injury to his back sustained October 28, 1948 about 3 A. M. while putting on a chain with two fellow employees. Plaintiff notified his foreman of the accident and the foreman asked plaintiff whether he wanted to have Dr. Rountree, defendant's physician, called, to which plaintiff replied that he would wait and report to the doctor at his office later in the morning. Upon reporting to Dr. Rountree, after examination, plaintiff was treated by having his back strapped and thereafter reported for work on October 29, 1948. He continued to work regularly for the defendant until May 18, 1949. At this time the blast furnace at which plaintiff was employed shut down. It did not resume operations until November 12, 1949. At this time plaintiff resumed his employment as skip operator. Prior to the date of the accident on October 28, 1948, plaintiff while working occasional shifts at other occupations, was regularly employed as skip and larry operator at an average weekly earning of $52.20. After the accident plaintiff was regularly employed as a skip operator at an average weekly wage of $50.60. The duties of the occupation of skip and larry operator require more physical effort than that of skip operator and so since the date of the accident plaintiff has regularly worked only upon the job of skip operator which required less physical exertion and effort.

Three doctors testified in the case and with reference to their testimony the court made the following findings of fact:

"From the testimony of medical witnesses, viz. Doctor Meyer for plaintiff, who examined plaintiff in September 1949, and of Dr. Rountree, defendant's physician, who examined and treated plaintiff immediately after the accident and Dr. Conwell, who examined and treated plaintiff in December 1948, in March and July 1949, the Court finds that plaintiff has an abnormal congenital condition in his lower back, in that the transverse process of the 5th lumbar vertebrae on the left side is fused or attached to the sacrum, which condition would predispose to strain in the lower back. From all the medical testimony the court is reasonably satisfied and so finds that plaintiff suffered a temporary partial disability due solely from the accident of October 28th for a period not in excess of six months from said date, and that the extent of such temporary partial disability did not exceed an average disability for such period of approximately 5 percent."

The plaintiff actually lost no time from work and the testimony of the doctors was that disability from the back strain would be as follows, Dr. Rountree 3 to 4 months, Dr. Conwell 6 months, Dr. Meyer 15 percent permanent partial.

Dr. Meyer examined plaintiff only on one occasion which was on September 15, 1949 some 11 months after the injury complained of. He testified that there was no abnormality to plaintiff's back. This condition, however, had been demonstrated by X-ray and testified to by Doctors Rountree and Conwell.

Plaintiff's average earnings prior to the date of the accident complained of was $52.20 per week. His average earnings from the date of the accident until he was laid off on May 18, 1949 was $50.60. The court found that "the plaintiff was entitled to compensation for a period of 26 weeks at 65% of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he was able to earn in his partially disabled condition for such period, or in other words $1.60 per week, or a total of $41.60."

In summary, the testimony of Doctors Rountree and Conwell appear to support the findings and judgment of the lower

court, while the findings and decree of the lower court is contrary to the testimony of Dr. Meyer.

As we view the case the real issue was whether there was a strain and if so the period of time plaintiff was disabled as a result thereof and the type and extent of disability. We do not consider that the court based its award on a previous condition that was made actively disabling by the strain. Nor did the court hold that such previous condition adversely affected the rights of petitioner. Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513.

■ We have often said that on certiorari we will not pass upon the weight of conflicting evidence. We quote from Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7, 8:

> "Needless delay and expense is occasioned by appeals to this court to pass upon the weight of conflicting evidence heard by the court below. Mistakes may be made by the trial court in passing upon the weight of evidence; but greater wrong would be done by making this court a trior of fact in all compensation cases. Such is not the policy of the law, nor the system designed by the lawmakers in the administration of its provisions through judges learned in the law and experienced in hearing issues of fact."

We quote again from Hardisty v. Woodward Iron Company, 214 Ala. 256, 107 So. 837, 838:

> "Appellant's argument is directed largely to a discussion of the weight of the evidence. It misconceives the duty and function of the appellate court in this class of cases. The case is not triable de novo on the evidence presented by bill of exceptions, nor reviewed even as the finding of a judge sitting without a jury in ordinary trials at law or in equity upon testimony of witnesses examined before the court. The proceeding here is by certiorari, in which a bill of exceptions is allowed as part of the record, not for the purpose of passing upon the weight of the evidence, but, in cases like the present,

to determine whether there is any evidence supporting the finding of the trial judge."

■ In view of the foregoing we think that the judgment of the lower court should be affirmed.

Affirmed.

FOSTER, LIVINGSTON and LAWSON, JJ., concur.