LOTTINGER, Judge.
The petitioner, John A. Austin, brought suit for permanent total disability for injuries sustained on March ' 19, 1952, while employed by th.e Louisiana Department of Highways. The lower court awarded judgment for petitioner, and the defendant has taken this appeal.
■ The .petition alleges that, petitioner was working as a laborer on. a bridge, in Vernon Parish, for the Department of Highways, on or about March 19, .1.952. While in the course of his said employment he received' accidental personal injuries 'which are described as injuries to the bones, muscles, joints, nerves, tissues, tendons, cartilages, ligaments and'flesh of his back, which,'he claims, rendered him totally disabled to do the sort of work he wás doing at the time-of the injury,' and' that, specifically, hé sustained‘and continues to suffer from a rtiptured intervertebral disc. Petitioner also alleges that he sustained and suffers from a’-slipping sacroiliac joint with hemorrhage and swelling about the nerve roots, from acute lumbosacral strain superimposed-upon a pre-existing mechanically unstable fifth .lumbar mechanism, and that said injury ei.ther caused an arthritic condition in the back or aggravated a pre-exist-ing arthritic condition.
The defendant admits that petitioner complained of an injury on the-day alleged, however, they deny that he is disabled. The only question before us,-therefore, is whether the petitioner still suffers .injury from the said accident.
The lower court found such disability present and rendered judgment in favor of petitioner for total and permanent disability. Defendants have taken this appeal.
Petitioner offered five lay witnesses, besides himself, all of whom testified that he did hard xftanual labor all his life until the date-of- the'said accident. It was-shown *234 ■that be had. worked as a farmer and .had worked for some period of time with the Department of Highways. In the latter employment, it was necessary for petitioner to lift sacks of concrete, timbers, push wheelbarrows loaded with sand and gravel, and to do other heavy manual labor. On the day of the accident, the petitioner was engaged in picking up a wheelbarrow table, made of heavy timbers eight feet long. Upon lifting the' table, he felt something slip and tear in his back, and 'he couldn’t straighten up. His' employer sent him to Dr. Fraser for treatment, and he was placed- in traction for eight days and nights. He had excellent medical care, but still claims pain in his back and that he is disabled to- continue in the same type of labor.
The lay witnesses all knew petitioner for several years prior to the accident. They all testified that he was robust and healthy and that he did hard work prior to the accident. They further testified that, since the accident, .the petitioner is unable to walk normally, and has difficulty in entering and leaving his car, in addition to other abnormalities. These observances on the part of the witnesses were made almost daily and were at such times, when, the petitioner would not have expected them; and we feel that petitioner has shown by positive testimony that he was not faking injury.
Four medical experts testified in the case, two for petitioner and two for defendant. Dr. Fraser, a general practitioner, treated petitioner for a considerable length' of time, and was called to the stand by petitioner. The other three, Dr. Floyd J. McPherson for petitioner, and Drs. Gene Caldwell and Daniel M. Kingsley for defendants, testified' -by. depositions. ;
As is usual, the medical testimony is conflicting. Dr. McPherson seemed to be of the unqualified opinion that the petitioner had' a ruptured or misplaced disc and that he received it-as a 'result of the accident, and was thereby disabled at the.time of the examination. Dr. Kingsley was of the opinion that petitioner did not suffer a rupT tured or misplaced disc in the accident, and was not disabled at the time of his examination. Dr. Fraser was of the opinion that petitioner’s -condition is due more to an arthritic condition and an inherent abnormal construction of the vertebrae than to the injuries he received in the accident. Dr. Caldwell examined' petitioner three times and although, on the first two examinations, he did believe him to have a ruptured disc, on the third examination he changed his opinion and stated that he did not believe petitioner to be disabled, or if he is disabled, that it is not due to injuriés sustained in the accident. He did state, however, that his latter observation might have been made during a period of “remission” which is peculiar to said injury, and •if such was the case, he would still be of the opinion that petitioner did have a ruptured disc.
All of the doctors stated that there was some abnormality to the back. Dr. Fraser admitted, however, upon being. questioned by the lower court that regardless of the pathology revealed by the X-rays made of the patient that it was the straining injury of March 19, 1952, which caused the disability even though he was not sure it was a ruptured disc which caused the disability.
The lower court summed up the medical evidence as follows:
“This leaves us with the positive lay testimony, plus plaintiff’s own positive testimony as to his present disability, plus the expert opinion of Dr. McPherson, plus the Court’s own obser.vation in support of plaintiff’s contention that he is disabled, as against the negative opinion testimony of- Drs. Caldwell and Fraser, plus the positive ..opinion testimony of Dr. Kingsley. ' ■
“The consideration of the situation thus presented leaves no doubt in the Court’s mind that the plaintiff has met and discharged the requirement of proving his case by a preponderance of the evidence. As the Court views the proof in the case, it establishes to a legal certainty that plaintiff is presently, at the date of the trial, disabled to do work of any reasonable -character, such as he was doing at the time of the *235 accident, and that the disabilities were either caused directly by the strain, which-was the accident, or, as Dr..McPherson put it, the straining injury was the precipitating cause of the disability.
“It seems to the Court that counsel, for plaintiff have correctly cited the law applicable to the facts of the case, as the Court has found those facts to be. Some of the cases cited are as follows :
“ ‘We are of the opinion that it is immaterial to a decision of the case whether plaintiff can prove the exact specific injury or not. If he shows that his back was injured, the location of the injury, and that the injury still exists to such a degree that he is unable to perform manual labor, he has made out his case. If this were not true it would be well to amend the compensation law and make a back injury not compensable, for in all cases of back injury which come to the court, we find an irreconcilable conflict of medical testimony. If plaintiff had to prove with specificness the exact part of his back that was injured, he would be left to the mercy of the medical profession which never fails to disagree as. to the injury of a back.’ Phillips v. Yazoo & M. V. R. Co., La.App., 183 So. 43.
“ ‘The lay testimony gives weight to the medical testimony which .is almost all to the effect, with the exception of that of one of the medical experts, that there is a disabling condition. True it is that the doctors do not agree on what the specific nature of the back injury is, but this, it seems, is not unusual in cases of this kind. If there is found to be an accidental back injury which brought on the disability the fact that the injured employee cannot have the doctors agree on its exact cause cannot deprive him of the compensation which is otherwise due him under the compensation statute.’ Lowery v. W. Horace Williams Co., La.App., 8 So.2d 704.”
The jurisprudence of this state is to the effect • that where ■ a dormant non-di'sabling condition is aggravated into a disabling condition by accidental injuries, such injuries are compensable under' the< Workmen’s Compensation Law, LSA-R.S. 23:1021 et seq. The trial judge found that the petitioner suffered disabling injuries as a result of the accident, and rendered judgment accordingly. Unless we find him manifestly in error, we are, by the settled law of this state, bound to affirm his decision. We are unable to find any such error. As a matter of fact, we feel that the evidence clearly preponderates in fávor of the petitioiier’s demand.
For the reasons hereinabove assigned, the decision of the lower court is affirmed, all costs of this appeal to be- paid by defendants.
Judgment affirmed.