82 So.2d 204

**ALABAMA TEXTILE PRODUCTS CORPORATION**

v.

**Lena GRANTHAM.**

**4 Div. 833.**

Supreme Court of Alabama.

Aug. 18, 1955.

Frank J. Tipler, Jr., Andalusia, for appellee.

Albrittons & Rankin, Andalusia, for appellant.

LAWSON, Justice.

This is a suit under the Alabama Workmen's Compensation Law, Code 1940, Title 26, § 253 et seq., instituted by Mrs. Lena Grantham against her employer, Alabama

Textile Products Corporation, a corporation, to recover compensation for an alleged personal injury which she averred was caused by an accident arising out of and in the course of her employment.

The answer of the defendant employer specifically denied that Mrs. Grantham sustained a personal injury caused by an accident arising out of and in the course of her employment and on the trial adduced evidence tending to show that Mrs. Grantham's disability was the result of arthritis and other infirmities having no origin in her employment.

The trial court rendered a judgment in favor of the employee and against the employer. The amount of the judgment was based on the court's finding that the employee was permanently and totally disabled.

At the threshold of this case is a question which is not argued but which bears on our right to review the matters which are argued: Has there been a sufficient compliance with § 304, Title 26, Code 1940, which provides, among other things, that the determination and judgment of the court "shall contain a statement of the law and facts and conclusions as determined by said judge." In Ex parte Sloss-Sheffield Steel & Iron Co. (Greek's Case), 207 Ala. 219, 92 So. 458, 459, we said of the provisions of law just quoted, § 28, Acts 1919, pp. 206–239, as follows: "The required statement of law, facts, and conclusions is necessary to make serviceable the review by certiorari which the statute provides * * *." And in Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345, it was said of § 7578, Code 1923, the progenitor of § 304, Title 26: "The statute contemplates, not a recital of the evidence, with its conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court."

Where the trial court completely fails to comply with the provisions of § 304, Title 26, supra, to which we referred above, the judgment of the trial court will be reversed by this court. Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589; Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228. But a substantial compliance with these provisions will suffice. Bryant v. Central Foundry Co., supra; Ex parte Sloss-Sheffield Steel & Iron Co., supra. And we have held that where the trial court's finding of fact is merely meager and omissive, this court will look to the evidence in the case to see if on any reasonable view of the evidence the judgment of the court can be sustained. Ex parte Louisville & N. R. Co., 208 Ala. 216, 94 So. 289. See Bass v. Cowikee Mills, supra, citing as authority for its holding the case of Ex parte Shaw, 210 Ala. 185, 97 So. 694.

The burden was upon the plaintiff in this case to present evidence sufficient to reasonably satisfy the trial court (1) that she suffered a personal injury; (2) that such personal injury was caused by an accident; and (3) that the accident which caused the personal injury arose out of and in the course of her employment. New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Black v. Alabama Dry Dock & Shipbuilding Co., 249 Ala. 209, 30 So.2d 456. And there should have been an express finding by the trial court that each of those facts was established by the evidence.

In the record now before us, that which is captioned "Judgment of the Court" is a "determination" as that word is used in § 304, Title 26, as well as a judgment. It contains a "finding of facts" as well as the court's "conclusion." In its "finding of facts," after referring to the evidence presented, the trial court stated: "We [sic] find from the evidence of Dr. Palmer that petitioner did suffer a herniated [intervertebral] disc as the proximate result of an accident while in the employment of the defendant on July 17, 1953." And in its "conclusion" the trial court stated: "The court concludes from the evi-

dence in this case that the plaintiff has suffered an injury as she claims in her petition while employed by the defendant and that such injury was a herniated or ruptured [intervertebral] disk." We have inserted the word "intervertebral" because Dr. Palmer, the orthopedic surgeon who treated Mrs. Grantham on many occasions and upon whose testimony the trial court found that Mrs. Grantham sustained a personal injury, stated that "the most probable diagnosis" of her injury was "a herniated intervertebral disk," which words according to our understanding are used to describe a condition which results when parts of a layer of fibrocartilage normally situated between certain vertebrae in the spine protrude through an abnormal opening. See article on Intervertebral Disc Injuries in Workmen's Compensation Cases, by Larry Alan Bear, Vanderbilt Law Review, Vol. 6 (1952–53), pp. 883–905.

The parts of the determination and judgment quoted above are in our opinion clearly sufficient to constitute a finding by the trial court that the plaintiff did suffer a personal injury which was caused by an accident. But the words "while in the employment of the defendant" and "while employed by the defendant" can be said to mean no more than that at the time the employee was injured the relationship of employer and employee existed between the plaintiff and defendant, and such a finding would not make the accident compensable. As before indicated, the injury must be caused by an accident arising out of and in the course of employment to be compensable. Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837; Jones v. Sloss-Sheffield Steel & Iron Co., 221 Ala. 547, 130 So. 74. For an accident to "arise out of employment" the employment must have been the cause and source of the accident and the resultant injuries must be traceable to a proximate cause set in motion by the employment, not by some other agency. Foster v. Continental Gin Co., 261 Ala. 366, 74 So.2d 474. And an injury to an employee "arises in course of employment" within the compensation act when it occurs within the period of his employment, at a place where he may reasonably be, and

while he is reasonably fulfilling duties of his employment or engaged in doing something incident to it. Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666. However, we think the finding of the trial court in this respect is merely omissive and under the rule of the Bass Case, supra, we can look to the evidence in the record to see if on any reasonable view of it, the judgment of the trial court can be sustained. See Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764; Hearn v. U. S. Cast Iron Pipe & Foundry Co., 217 Ala. 352, 116 So. 365; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458.

 It is argued here by the employer, the defendant below, that the trial court erred in finding that Mrs. Grantham had suffered a herniated intervertebral disk. Much of that argument is directed to a discussion of the weight of the evidence, with which we are not concerned. Workmen's compensation cases are not triable de novo in this court on the evidence taken below nor reviewed even as the finding of a judge sitting without a jury, as in ordinary trials at law or in equity upon testimony of witnesses examined before the court. Our duty in this type case is simply to ascertain whether there was any legal evidence to sustain the conclusion of the trial court. If any reasonable view of the evidence supports such conclusion, then the judgment will not be disturbed. Dunning v. Republic Steel Corp., 257 Ala. 1, 59 So.2d 606; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7; Foster v. Continental Gin Co., supra.

 As shown above, there was medical testimony to the effect that the most probable diagnosis of Mrs. Grantham's condition was that she was suffering from a herniated intervertebral disk. This was the testimony of Dr. Palmer, who treated Mrs. Grantham on many occasions, and was made with full knowledge of her past illnesses. We think the testimony of Dr. Palmer, together with that of the plaintiff below, was sufficient to support the finding of the trial court as to the personal injury suffered by the plaintiff. Dunning v. Re-

public Steel Corp., supra; Hewitt v. Cheraw Cotton Mills, 217 S.C. 90, 59 S.E.2d 712; Lowery v. W. Horace Williams Co., La.App., 8 So.2d 704; Purity Biscuit Co. v. Industrial Commission, 115 Utah 1, 201 P. 2d 961; Woodson v. Kendall Mills, 213 S.C. 395, 49 S.E.2d 597.

The testimony of plaintiff and that of Dr. Palmer also supports the finding and judgment of the trial court to the effect that the plaintiff is totally and permanently disabled.

■ The question is presented as to whether the evidence is sufficient to support a finding that such injury was caused "by an accident" within the meaning of our workmen's compensation law.

The defendant is a manufacturer of shirts and other wearing apparel. At the time of the alleged injury complainant, Mrs. Grantham, was employed by defendant to sew together the backs and fronts of shirts on an electric sewing machine. She had been so employed for nearly twenty-three years. It was plaintiff's duty to secure the fabric from a bin, the sides of which were almost as high as her waist. On July 17, 1953, according to the plaintiff, she leaned over the sides of the bin to lift a bundle of fabric weighing about ten pounds and as she was in the act of lifting it she felt sensations as if she had a "catch in her back" or as if needles had been stuck in her back. She became weak and nauseated, but after a few minutes rest she resumed her duties. That was her last day of work.

There was no finding by the trial court that the injury was caused by a blow, slip, fall or that it resulted from any unusual strain or exertion. But such findings are not necessary to support the conclusion that an injury of the kind which this plaintiff sustained was caused "by an accident" within the meaning of our workmen's compensation law when suffered in the manner outlined above. Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 139 So. 261; De Arman v. Ingalls Iron Works Co., 258 Ala. 205, 61 So.2d 764; Purity Biscuit Co. v. Industrial Commission, 115 Utah 1, 201 P.2d 961; Rivero v. Leaveau, La.App., 45 So.2d 418; Mills v. Monte Christi Corp., 10 N.J.Super. 162, 76 A.2d 839; Neylon v. Ford Motor Co., 10 N.J. 325, 91 A.2d 569; Gray v. Employers Mut. Liability Ins. Co., Fla., 64 So.2d 650; Vitale v. Haeser, Fla., 64 So.2d 657; Falk v. Balch, Fla., 64 So.2d 658; Glass v. G. A. Miller Co., Fla., 65 So. 2d 749; Larson's Workmen's Compensation Law, Vol. I, p. 519, § 38.20.

■ The only other matter presented for our consideration is whether or not the trial court erred in holding that there was a sufficient compliance with the provisions of § 294, Title 26, Code 1940, which reads:

"Notice to employer of accident.— Every injured employee or his representative shall, within five days after the occurrence of an accident give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees, nor any compensation which may have accrued under the terms of articles 1 and 2 of this chapter, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, or fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within ninety days after the occurrence of the accident, or where death results, within ninety days after the death."

The record clearly reflects a very "good reason" why the employer did not receive notice of the plaintiff's actual injury within the five-day period, and that is that the serious injury to her back had not manifested itself within five days from the time of the accident. Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6.

The judgment of the trial court is affirmed.

Affirmed.

SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.