This is a workmen's compensation case.
The dispositive issue is whether there is evidence to support the trial court's conclusion that the employee did not sustain a work-related injury.
The trial court concluded, in an opinion based upon detailed factual findings, that the employee did not suffer a work-related injury to his left arm or hand on the day in question. A judgment was rendered in favor of the employer.
The employee appeals and we affirm.
We note at the outset that our standard of review in workmen's compensation cases is most narrow. Our inquiry is limited to questions of law and to an examination of the evidence to determine if there was any legal evidence to support the findings of the trial court; if such supportive evidence was before the trial court, an appellate court is required to affirm insofar as factual matters are concerned.Agan v. Union Foundry Co., 404 So.2d 71 (Ala.Civ.App. 1981). An appellate court may not review the weight of the evidence as considered by the trial court. Grumm v. Neptune Meter Co.,472 So.2d 1067 (Ala.Civ.App. 1985). In short, where there is conflicting testimony, the factual determination of the trial court in a workmen's compensation case is conclusive.Washington v. Warrior Tractor Equipment Co., 487 So.2d 1371
(Ala.Civ.App. 1986).
With the above standard of review in mind, our review of the record reveals the following pertinent facts: On December 18, 1984, the employee sustained an injury to his left knee and hip while driving a forklift in the line and scope of his employment. He was taken to the emergency room of a local hospital, complaining of pain to that knee and hip. That injury is not disputed.
The dispute is over whether the work-related accident of December 18 also caused the employee to sustain an injury to his left arm or hand.
The trial court found it revealing that the employee did not complain to the emergency room nurse of any pain to that arm or hand. It is similarly noteworthy that the "Employer's First Report of Injury" form reported only that same complaint of pain to left leg and hip, mentioning nothing of any complaint of any other pain or injury.
In its judgment the trial court went to great lengths to substantiate through detailed factual findings the grounds upon which it based its conclusion that the work-related accident of December 18 did not cause the employee to sustain an injury to his left arm or hand. We need not repeat the bulk of those findings here, since to do so would add nothing to the established law on this subject.
In essence, the trial court focused on several visits of the employee to various doctors and specialists. Again, the trial court found it revealing that the employee failed for several months to mention that he had any pain in his left arm or hand. The trial court also noted that one specialist testified that, had the employee been injured on the day in question, there normally would have been immediate pain associated with the injury.
Although it is clear that the employee did, in fact, have medical problems with his arm and/or hand, there was conflicting evidence as to what caused those problems and when. Suffice it to say that the employee had a history of potential causes of the medical problems in question, any one of which might have been the immediate cause of the injury to his arm or hand.
After making its detailed factual findings, the trial court reached the following conclusion from the facts:
 "[H]ad an injury occurred to the left arm or hand of the plaintiff, he would have made a complaint of the injury, pain or discomfort to the Emergency Room nurse on December 18, 1984, Dr. J. Robert Johnson on December 26, 1984, or Dr. R. Charles Morley on December 28, 1984, February 8, 1985, or July 8, 1985."
The court, therefore, concluded that the accident of December 18, 1984, did not cause an injury to the employee's arm or hand. Consequently, workmen's compensation benefits were denied.
It is well established that evidence presented by a workmen's compensation *Page 711 
claimant must be more than evidence of mere possibilities such as would simply serve to "guess" the employer into liability.Stewart v. Busby, 51 Ala. App. 242, 284 So.2d 269
(Ala.Civ.App. 1973). Accordingly, the trial court inferred that the employee's failure to inform anyone of his alleged injury for a substantial length of time after December 18, 1984, meant that the injury did not occur on that date. That seems to us a natural and reasonable inference based upon the facts as set out in great detail in the trial court's opinion. See Black v.Alabama Dry Dock Shipbuilding Co., 249 Ala. 209, 30 So.2d 456
(1947).
As stated, factual determinations of the trial court in a workmen's compensation case are conclusive if there is any evidence in support of those determinations. Having reviewed the record with the attendant standard of review in mind, we find more than the necessary minimum of evidence in support of the trial court's determination and are, therefore, required to affirm the trial court's conclusion that the employee did not suffer a work-related injury as alleged.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.