CRAWLEY, Judge,
dissenting.
I dissent because the worker failed to prove by substantial evidence medical causation. The trial court found:
“The law places the burden on the Plaintiff to prove, by substantial evidence, both legal causation and medical causation. Legal causation is stipulated, but medical causation, after all is said and done, is simply left to conjecture. It is possible that the job injury of December 6th, 1993 caused the disc to bulge and that it subsequently herniated as the result of a natural progression and deterioration. That is just a possibility, however, under the medical testimony. At least equally possible, if not more so, is the scenario involving a bulging disc which pre-existed the December 6th, Í993 job injury; a strain or sprain on that occasion which ultimately subsided and resolved; and various independent events thereafter which precipitated the herniation.”
“In workers’ compensation eases, an employee must present ‘more than evidence of mere possibilities such as would simply serve to “guess” the employer .into liability.’” Blue Water Catfish, Inc. v. Hall, 667 So.2d 110, 115 (Ala.Civ.App.1995) (Crawley, J., concurring specially) (quoting Eddy v. Dunlop Tire & Rubber Corp., 516 So.2d 709, 711 (Ala.Civ.App.1987)).
I believe Judge Yates has reweighed the evidence and substituted her judgment for that of the trial court. See Ex parte Harsco *103 Corp., 689 So.2d 845 (Ala.1997); Ex parte Millard, 688 So.2d 1002 (Ala.1996).