MURDOCK, Justice
(concurring specially).
I fully agree with the main opinion’s rejection of the so-called “but-for” test of causation under Alabama’s workers’ compensation law and, as a corollary, that opinion’s embrace of the requirement for a showing of “ ‘a definite causal connection between the work and the injury.’ ” 77 So.3d at 594 (quoting Slimfold Mfg. Co. v. Martin, 417 So.2d 199, 202 (Ala.Civ.App.1981)). I write separately because I believe a full understanding of what is meant by the term “causal connection” necessitates some discussion of two other tests that have been expressed in our cases and how these two other tests relate to one another in determining whether any “accident” is one that “arises out of’ employment for purposes of § 25-5-1(9), Ala. Code 1975.
The first of these other tests is what may be referred to as the “set-in-motion” test: “To justify recovery under the Workmen’s Compensation Act, the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment, and not by some other agency.” Wooten v. Roden, 260 Ala. 606, 611, 71 So.2d 802, 806 (1954) (quoted with approval in the main opinion, 77 So.3d at 595). See also Ex parte Trinity Indus., Inc., 680 So.2d 262, 265 n. 2 (Ala.1996) *598 (reiterating that injuries “ ‘must be traceable to a proximate cause set in motion by the employment, not by some other agency1 ” (quoting Alabama Textile Prods. Corp. v. Grantham, 263 Ala. 179, 183, 82 So.2d 204, 207 (1955))).
I also take note of what is referred to in our cases as the “increased-risk” test. The increased-risk test requires that the employee prove that his or her employment “exposed [the employee] to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives.” Ex parte Trinity Indus., Inc., 680 So.2d at 267; City of Tuscaloosa v. Howard, 55 Ala.App. 701, 705, 318 So.2d 729, 732 (Ala.Civ.App.1975).
As a judge on the Court of Civil Appeals, I noted in a special writing in Ceasco, Inc. v. Byrom, 895 So.2d 932 (Ala.Civ.App.2002) (Murdock, J., concurring in the result), that the Supreme Court’s use of the terms “accident” and “nonaccidental injuries” in a “colloquial” sense and “for the sake of simplicity” in note 3 and the accompanying text of Trinity Industries was in conflict with the statutory definition of “accident” in the Alabama Workers’ Compensation Act. 895 So.2d at 940. I observed that the term “accident” in § 25-5-1(7) applied simply to an “unexpected or unforeseen event, happening suddenly and violently” and “therefore is not restricted to events caused by the traumatic application of external force to the human body.” 895 So.2d at 940-41 n. 6 and accompanying text (Murdock, J., concurring in the result)(emphasis omitted).[4] Accordingly, I disagreed with the suggestion in the main opinion of the Court of Civil Appeals in Byrom “that legal causation is never at issue in a case involving what the Supreme Court colloquially referred] to as an ‘accident’ ” in Trinity Industries. 895 So.2d at 941 (Murdock, J., concurring in the result). As the Court in Trinity Industries, itself, explained, it was not the legislature’s intent to allow an employee “to recover under our workers’ compensation statute merely because he or she was lucky enough to have a disabling event resulting from [a] natural cause occur at the place of employment.... ” 680 So.2d at 267.[5]
In other words, as to any “accident” as defined in § 25-5-1(7) — whether involving an “accident” or a “nonaccidental injury” in the colloquial sense referenced in what the Court recognizes today as dicta in Trinity Industries — it is necessary for the recovery of compensation that “ ‘the employment ... have been the cause and source of the accident and the resultant injuries must be traceable to a proximate cause set in motion by the employment, not by some other agency.’ ” 680 So.2d at *599 265 n. 2 (quoting Grantham, 263 Ala. at 183, 82 So.2d at 207). When an “act of God” or some other force not normally considered as having been set in motion by the employment is the “proximate cause” of the employee’s injuries, however, operation of that force upon the employee nonetheless can be considered to have been “set in motion by the employment” where the employment increases the employee’s exposure to, or risk of exposure to, that force in excess of that to which people are normally exposed in their everyday lives, i.e., when the increased-risk test is satisfied. It is for this reason, for example, that this Court, in the only reported Alabama case other than Byrom involving a lightning strike, required proof of an “increased risk” to the employee of suffering a lightning strike:
“ ‘[I]f the position which the workman must necessarily occupy in connection with his work results in excessive exposure to the common risk ... or if the continuity or exceptional amount of exposure aggravates the common risk ... then it is open to conclude that the accident did not arise out of the common risk, but out of the employment.’ ”
American Fuel & Clay Prods. Co. v. Gilbert, 221 Ala. 44, 46, 127 So. 540, 541 (1930) (quoting Cudahy Packing Co. v. Parramore, 263 U.S. 418, 425, 44 S.Ct. 153, 68 L.Ed. 366 (1923) (a case in which the United States Supreme Court consistently referred to the employee’s being hit by lightning as an “accident”)).[6] Likewise, in the early case of Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288 (1938), the Alabama Supreme Court explained the use of the increased-risk test in a case in which a death from pneumonia resulting from an employee’s being required to work outside in wet conditions was considered an “accident” arising out of the employment.
The proof offered by the employee as to the “accident” in the present case satisfies neither the “set-in-motion” test nor the “increased-risk” test. I therefore agree that the requisite “causal connection” between the employment and the employee’s injuries has not been shown.

. On certiorari review, this Court agreed that the terms “accident” and "nonaccidental injury” as used in note 3 and the accompanying of text of Trinity Industries conflicted with the statutory definition of the term "accident” in § 25-5-1(7), at least to the extent that it held that Byrom’s injury had been improperly viewed by the Court of Civil Appeals as a "nonaccidental” injury. See Ex parte Byrom, 895 So.2d 942, 947 (Ala.2004). This Court went on to analyze the claim before it under the "increased-risk” test. Id. at 948-49. (I question the manner in which this Court reasoned that the record in Ex parte Byrom supported the conclusion that the "increased-risk” test had been satisfied and whether that reasoning improperly relieved the plaintiff of his burden of proof in this regard, an issue not presented here.)

. If all that was necessary to satisfy the legal-causation requirement was proof that an accident occurred as a result of some external force operating upon the employee while the employee was at work, then employees suffering while at work, but in common with others in their communities, as a result of a natural disaster, e.g., a flood or a hailstorm, would always be able to recover compensation under the Workers' Compensation Act for any personal injury caused by such disaster.

. It is also based on this reasoning that the leading national treatise on workers’ compensation law indicates that the increased-risk test should be applied to cases involving injury or death by lightning, 1 Arthur Larson and Lex K. Larson, Larson’s Workers' Compensation Law § 5.01[1] (2001), as does a treatise on Alabama workers’ compensation law, 1 Terry A. Moore, Alabama Workers’ Compensation § 10:10-11, pp. 329-31 (1998).